UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMIAH HALE** | : | **CIVIL ACTION NO. 2:13-cv-358** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JOSEPH P. YOUNG** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by petitioner, Jeremiah Hale. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at the Federal Corrections Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.      Statement of the Case**

On January 24, 2008, petitioner pled guilty to conspiracy to possess with intent to distribute powder cocaine in violation of 21 U.S.C. § 841(a)(1). *U.S. v. Hale*, 1:07-cr-385 (S.D. Ala.), Doc. 37. Petitioner was sentenced to two hundred forty months imprisonment on July 1, 2009. *Id.* at Doc. 60.

On or about August 18, 2009, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. An evidentiary hearing was held, after which the motion was denied by the District Court. *Id.* at Docs. 121, 122. Petitioner then filed a motion for certificate of appeal, a motion for reconsideration, and a motion to correct or reduce sentence, all of which were denied. *Id.* at Docs. 137, 142, 150, 167.

Petitioner again attacks his conviction in the instant application. He claims that he was denied effective assistance of counsel in regard to various aspects his criminal proceeding. As relief, petitioner requests that this court reverse his conviction and sentence.

## II.     Law and Analysis

Petitioner styles this action as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attacks the legality of his conviction. However, since petitioner is not contesting the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and (2) the claim was foreclosed by circuit law at the time when it should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The fact that a prior section 2255 motion was unsuccessful or that the

petitioner is unable to meet the statute's second or successive requirement does not make the remedy inadequate or ineffective. *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate. He has not identified a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at any time.

### III.     Conclusion and Recommendation

For the reasons stated herein, IT IS RECOMMENDED that the instant application be DENIED and DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 9th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE